# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRUCE LEE RODRIGUEZ, <br> Bexar County No. 0519051, <br><br> Petitioner, <br><br> V. <br><br> JAVIER SALAZAR, et al. <br><br> Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | SA-19-CV-1289-XR |

## ORDER

Before the Court are the civil rights complaint (ECF No. 1) and Application to Proceed In Forma Pauperis (ECF No. 2), filed by Bruce Lee Rodriguez. The Court grants Rodriguez leave to proceed in forma pauperis and construes his civil rights complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

According to Petitioner Rodriguez, he is detained in the Bexar County Adult Detention Center. He claims coals from a barbecue pit fell on the front porch and the front porch caught fire while he was attempting to remove the hot coals. Petitioner maintains his drug-addicted sister-in-law became paranoid, called the police, and accused Petitioner of starting the fire. Petitioner requests the Court to dismiss his pending state charges.

Because Petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241. To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising

jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Public court records for the Texas Court of Criminal Appeals show that Petitioner has not presented his instant habeas claims to that court, and his state court remedies are unexhausted. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here.

Moreover, Petitioner seeks the dismissal of his pending charges. His claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677

F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

It is therefore **ORDERED** that the Original Complaint (ECF No. 1), filed by Petitioner Bruce Lee Rodriguez, is construed as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and is **DISMISSED WITHOUT PREJUDICE**. Petitioner shows no special or exceptional circumstances warranting this Court's interference. His habeas corpus claims are dismissed for want of jurisdiction premised on failure to exhaust and the *Younger* abstention doctrine.

It is further **ORDERED** that the Application to Proceed In Forma Pauperis (ECF No. 2), filed by Petitioner Bruce Lee Rodriguez, is **GRANTED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 31st day of October, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE